1  TODD F. STEVENS (SBN 137842)
   tstevens@keenlaw.com
2  **KEENEY WAITE & STEVENS**
   A Professional Corporation
3  402 West Broadway, Suite 1820
   San Diego, CA  92101
4  Telephone:   (619) 238-1661
   Facsimile:   (619) 231-1897
5

6  Attorneys for Defendants FIVE GUYS ENTERPRISES, LLC AND
   ENCORE FGBF, LLC
7

8  **UNITED STATES DISTRICT COURT**

9  **FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| JEREMY R. LUSK, on behalf of himself, all other similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>FIVE GUYS ENTERPRISES, LLC, a Delaware limited liability company; ENCORE FGBF, LLC, a Delaware limited liability company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION** |

**TO: The Judges of The United States District Court For The Eastern District of California, Fresno Division, and To All Parties and Their Attorneys of Record:**

   PLEASE TAKE NOTICE that Defendants Five Guys Enterprises, LLC ("Five Guys") and Encore FGBF, LLC ("Encore") (collectively "Defendants"), hereby remove this case to the United States District Court for the Eastern District of California, Fresno Division, pursuant to 28 U.S.C. §§1441 and 1446.  In support of this Notice of Removal, Defendants state as follows:

///

///

///

---

1

NOTICE OF REMOVAL OF CIVIL ACTION

**Jurisdiction and Venue**

1. This Court has jurisdiction over Plaintiff Jeremy R. Lusk's state court complaint against the Defendants under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1681(p).

2. This is case is subject to removal pursuant to 28 U.S.C. §1441(a) and (c).

3. Venue is proper in this Court in accordance with 28 U.S.C. §1391.

**Procedural Background**

4. Lusk named the Defendants in a state court action filed on May 2, 2017, in the Superior Court of the State of California for the County of Kings, Case No. 17C-0118.[1]

5. In the civil action, Lusk asserts claims against the Defendants under the Federal Fair Credit Reporting Act ("FCRA"), as well as California's Investigative Consumer Reporting Agencies Act, Consumer Credit Reporting Agencies Act, Labor Code, and Business and Professions Code.

6. Encore was served with a copy of Lusk's complaint on May 5, 2017,[2] and Five Guys was served on May 3, 2017.[3] This notice of removal is timely filed in the United States District Court for the Eastern District of California, Fresno Division, pursuant to 28 U.S.C. §1446.

**Basis for Federal Jurisdiction**

7. "This [Court] has federal question jurisdiction due to the [Plaintiff's] FCRA claim." *Anthony v. Equifax Info. Servs., LLC*, No. 2:13-cv-01424, 2015 WL 502857, at * 4, n. 4 (E.D. Cal. Feb. 5, 2015) (citing 28 U.S.C. §1331); *see also Sodano v. Chase Bank, N.A.*, No. 2:12-cv-00369, 2012 WL 1552796, at * 4 (E.D. Cal.

---

[1] Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon [Defendants] in [the state court action]" are attached hereto as **Exhibit 1.**

[2] *See* Ex. 2, at p.2. Attached hereto as **Exhibit 2** is a copy of the Register of Actions for the Kings County Superior Court, Case No. 17C-0118.

[3] *See* Ex. 2, at p.2.

1  May 1, 2012) ("[P]laintiffs' claims premised on 15 U.S.C. §1681 [the FCRA], which
2  appear on the face of the Complaint . . . provide this court with original, federal
3  question jurisdiction and thus a basis for removal of this action under 28 U.S.C.
4  §1441(a)."); *see also* Ex. 1, p. 7, ¶ 1 ("Plaintiff brings this class action . . . for alleged
5  violations of the Fair Credit Reporting Act and similar California laws."). "28 U.S.C.
6  §1367 confers supplemental jurisdiction over" Lusk's remaining state law claims.
7  *Anthony*, 2015 WL 502857, at * 4, n. 4; *see also Satey v. JPMorgan Chase & Co.*, 521
8  F.3d 1087, 1091 (9th Cir. 2014) ("There is no dispute that [given the FCRA claims]
9  the district court's initial exercise of supplemental jurisdiction over Satey's state law
10 claims was entirely proper.").[4]

**Basis for Removal Jurisdiction**

8.   This case is removable under §1441(a) because this Court has jurisdiction over Lusk's complaint under 28 U.S.C. §1331.

9.   Section 1446(a) requires that Defendants' notice of removal must be filed "in the district court of the United States for the district and division within which [the state court] action is pending." 28 U.S.C. §1446(a).  Because Lusk's state court complaint was filed in the Kings County Superior Court, Defendants filed their Notice of Removal in this, the United States District Court for the Eastern District of California, Fresno Division.

10.   Under § 1446(b)(1), this notice of removal must be filed "within 30 days after [Defendants'] receipt . . . through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. §1446(b)(1).  Accordingly, Defendants timely filed this notice of removal within 30 days of May 3, 2017.

///

---

[4] *See e.g.*, *Edwards v. Bank of New York Mellon*, No. 2:14-cv-304, 2014 WL 5594876, at * 10 (E.D. Va. Oct. 31, 2014) (finding supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a) because "they form part of the same case or controversy" as an alleged FCRA claim).

11. "[P]romptly after the filing of [this] notice of removal. . . . [Defendants [will] give written notice thereof to all adverse parties and [will] file a copy of the notice with the clerk of" the Kings County Superior Court, the filing of which "shall effect the removal." 28 U.S.C. §1446(d).

12. This notice complies with the consent requirements of §1446(b), because all "defendants who have been properly joined and served" consent to and join in this Notice of Removal.

Respectfully submitted,

Dated: June 2, 2017

**KEENEY WAITE & STEVENS**
A Professional Corporation

/s/ Todd F. Stevens

By: _____
Todd F. Stevens
Attorneys for Defendants
FIVE GUYS ENTERPRISES, LLC AND
ENCORE FGBF, LLC