**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FIVE GUYS ENTERPRISE, LLC, a Delaware limited liability
company; (Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEREMY R. LUSK, on behalf of himself, all others similarly situated,

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED** |
| 5/2/2017 12:55:52 PM |
| Jeffrey E. Lewis, Clerk of Court |
| Superior Court of the State of California |
| County of Kings |
| Karin Noble _____ Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | **CASE NUMBER:** |
| --- | --- |
| *(El nombre y dirección de la corte es):* Kings County Courthouse | *(Número del Caso):* |
| 1640 Kings County Drive | 17C-0118 |
| Hanford, California 93230 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771

| DATE: 5/2/2017  Clerk Of Court, Jeffrey E. Lewis | Clerk, by _____ , Deputy |
| --- | --- |
| *(Fecha)* | *(Secretario)* Karin Noble |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Five Guys Enterprises, LLC

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC
4. ☒ by personal delivery on *(date):* 5/3/17

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

EXHIBIT 1

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LUSK v. FIVE GUYS ENTERPRISES, LLC, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

ENCORE FGBF, LLC, a Delaware limited liability company; and DOES 1-100, inclusive.

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Shaun Setareh, Esq. (SBN 204514)
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
TELEPHONE NO.: (310) 888-7771     FAX NO.: (310) 888-0109
ATTORNEY FOR (Name): Jeremy R. Lusk

**FOR COURT USE ONLY**

**FILED**
5/2/2017 12:55:52 PM
**Jeffrey E. Lewis, Clerk of Court**
Superior Court of the State of California
County of Kings

_____ Deputy
Karin Noble

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kings
STREET ADDRESS: 1640 Kings County Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Hanford, California 93230
BRANCH NAME: Kings County Courthouse

CASE NAME:
Lusk v. Five Guys Enterprises, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 17C-0118 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Eleven (11)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 2, 2017
Shaun Setareh, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court
    Case Matter
  Writ—Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

FILED
5/2/2017 12:55:52 PM
Jeffrey E. Lewis, Clerk of Court
Superior Court of the State of California
County of Kings

_____ Deputy
Karin Noble

Shaun Setareh (SBN 204514)
        shaun@setarehlaw.com
Thomas Segal (SBN 222791)
        thomas@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone:     (310) 888-7771
Facsimile:     (310) 888-0109

Attorneys for Plaintiff,
JEREMY R. LUSK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF KINGS
*(UNLIMITED JURISDICTION)*

| | |
|---|---|
| JEREMY R. LUSK, on behalf of himself, all others similarly situated, and the general public, | Case No.   17C-0118 |
| *Plaintiff,* | **CLASS ACTION** |
| vs. | **COMPLAINT FOR:** |
| FIVE GUYS ENTERPRISES, LLC, a Delaware limited liability company; ENCORE FGBF, LLC, a Delaware limited liability company; and DOES 1-100, inclusive, | |
| *Defendants.* | |

1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act);
2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act);
3. Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act)
4. Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act)
5. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);
6. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198);
7. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198);
8. Failure to Indemnify (Labor Code § 2802);
9. Failure to Provide Accurate Written

---

Wage Statements (Lab. Code § 226(a));
10. Failure to Timely Pay All Final Wages
    (Lab. Code §§ 201-203);
11. Unfair Competition (Bus. & Prof. Code
    §§ 17200, *et seq.*);

**JURY TRIAL DEMANDED**

Plaintiff, Jeremy R. Lusk (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class action against defendant FIVE GUYS ENTERPRISES, LLC, a Delaware limited liability company ("Five Guys"), ENCORE FGBF, LLC, a Delaware limited liability company ("Encore FGBF"), and DOES 1-100, inclusively (collectively, "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.     Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without complying with the law.  Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*), and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

3.     Plaintiff brings this class action against defendant  ENCORE FGBF, LLC, a Delaware limited liability company and DOES 1 through 100 inclusive, for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants failed to provide her and all other similarly situated individuals  with meal periods, failed to provide them with rest periods, failed to pay premium wages for unprovided meal and/or rest periods, failed to pay at least minimum wages for all hours worked, failed to pay overtime wages at the correct overtime rate, failed to reimburse them for all necessary business expenses, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the

1

general public..

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

5.     Venue is proper in Kings County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Kings County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## PARTIES

**A.**     **Plaintiff**

5.     Plaintiff worked for Defendants in an hourly position as a non-exempt employee from approximately August 18, 2016 through November 28, 2016.

**B.**     **Defendants**

6.     Defendant FIVE GUYS ENTERPRISES, LLC is a Delaware limited liability company.

7.     Defendant ENCORE FGBF, LLC is a Delaware limited liability company authorized to do business in California.

8.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

9.     Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

2

*Lusk v. Five Guys Enterprises, LLC, et al.*                                    Class Action Complaint

## GENERAL ALLEGATIONS

10.     Plaintiff began working for Defendants on or about August 18, 2016 as an hourly non-exempt employee.

11.     Plaintiff regularly worked in excess of six (6) hours during each work shift and was entitled to receive an uninterrupted meal period of at least thirty (30) minutes for each five (5) hour work period, as required by California law.  At times during his employment, Plaintiff was not always permitted to take thirty (30) minute meal breaks as required by California law. Plaintiff was not always permitted to take thirty (30) minute meal breaks as it would be too busy for him to do so.

12.     Plaintiff regularly worked in excess of six (6) hours during each work shift and was entitled to receive a rest period of at least ten (10) minutes for each four (4) hour work period or major fraction thereof, as required by California law.  At times during his employment, Plaintiff was not always permitted to take ten (10) minute rest breaks as required by California law.  Plaintiff was not always permitted to take ten (10) minute rest breaks as it would be too busy for him to do so.

13.     At times, Plaintiff worked in excess of ten (10) hours during a work shift and was entitled to receive a second uninterrupted meal period of at least thirty (30) minutes for each five (5) hour work period, as required by California law.  At times during this employment, Plaintiff was not always permitted to take his second meal period as it would be too busy for him to do so.

14.     At times, Plaintiff worked in excess of ten (10) hours during a work shift and was entitled to receive a third rest period of at least ten (10) minutes for each four (4) hour work period or major fraction thereof, as required by California law.  At times during his employment, Plaintiff was not always permitted to take his third rest period as it would be too busy for him to do so.

15.     At times during his employment, Plaintiff was required to perform off-the-clock as he would have to clock out but continue to perform work such as counting out his cash register which may take up to twenty minutes.

3

16.     At times during this employment, Plaintiff was required to use his personal vehicle for work purposes without being reimbursed.  Plaintiff was required to use his personal vehicle to travel to/from other restaurants owned by Defendants to pick up food and supplies.

17.     Plaintiff was not timely paid all his final wages upon resignation.  Plaintiff received his final wages approximately one week after his resignation.

## CLASS ALLEGATIONS

18.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

19.     **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

20.     The class and subclass members are defined as follows:

**FCRA Class:**  All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

**ICRAA Class:**  All of Defendants' current, former and prospective applicants for employment in California, at any ttime during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

**CCRAA Class:**  All of Defendants' current, former and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

**Encore FGBF Class:** All persons employed by Encore FGBF and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period.**

> **Meal Break Sub-Class:** All **Encore FGBF Class** members who worked a shift in excess of five hours during the **Relevant Time Period.**

> **Rest Break Sub-Class:** All **Encore FGBF Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period.**

4

**Vehicle Mileage Sub-Class:** All **Encore FGBF Class** members who were required to use their personal vehicle for work purposes during the **Relevant Time Period**.

**Wage Statement Penalties Sub-Class:** All **Encore FGBF Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class:** All **Encore FGBF Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class:** All **Encore FGBF Class** members employed by Defendants in California during the **Relevant Time Period**.

21.    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

22.    **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

23.    **Commonality, and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.    Wherein Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates?

B.    Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation?

C.    Whether Defendants willfully failed to identify the source of the credit report to be performed?

5

D.  Wherein Defendants willfully failed to comply with the FCRA, ICRAA and/or the CRAA?

E.  Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

F.  Have Defendants maintained a policy or practice of failing to provide employees with their rest breaks?

G.  Have Defendants failed to pay additional wages to class members when they have not been provided with required meal and/or rest periods?

H.  Have Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties?

I.  Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

J.  Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

K.  Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

L.  Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

24.  **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

25.  **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

6

26.     **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

27.     **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA
### (15 U.S.C. §§ 1681b(b)(2)(A))

#### (By Plaintiff and the FCRA Class against all Defendants)

28.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

29.     Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

30.     Plaintiff and class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

31.     Section 1681a(d)(1) of the FCRA defines "consumer report" as

> any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes.

Thus a credit and background report qualifies as a consumer report.

7

32.     Section 1681a(e) of the FCRA defines "investigative consumer report" as:

a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with whom he is acquainted or who may have knowledge concerning any such items of information.

Thus a credit and background report qualifies as an investigative consumer report.

33.     Section 1681b(b) of the FCRA provides, in relevant part:

Conditions for furnishing and using consumer reports for employment purposes

(2) Disclosure to consumer

(A) In general
Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

i.      *a clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure,* that a consumer report may be obtained for employment purposes; and

ii.     the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

34.     As described above, Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

35.     When Plaintiff applied for employment with Defendants, Plaintiff submitted an online electronic job application via Defendants' website "Employment Application."

36.     In pertinent part the Employment Application states:

Nature of My Employment.  If I work for Five Guys, I agree that I will be an at will employee, which means that either I or Five Guys may end my employment at any time, with or without cause or notice.  I agree that no written materials or verbal statements by Five Guys will constitute an express or implied contract or employment and that this at

8

will relationship could only be modified in writing identifying me by name and signed by the Chief Executive Officer or Five Guys.

My Participation in Five Guys' Drug Free Environment. I am not a current user of illegal drugs, and I agree I will not work under the influence of drugs or alcohol.

My Records and References. There is nothing in my background that would cause a risk to Five Guys' customers, employees or property. I authorize Five Guys to conduct reference checks , criminal and driving checks, and other consumer report investigations. I release all parties from any liability from providing such information to Five Guys.

The information I have given on this application is true and complete. I agree to promptly notify Five Guys if I am later charged with or convicted of a felony, misdemeanor, or (if I am a delivery driver) a driving offense. I agree that any false information or omission allows Five Guys to refuse to hire me, or to terminate my employment. I agree that a photocopy or imaged copy of this signed agreement will be as valid and enforceable as the original.

I certify that I am applying for this position because I wish to work for and contribute to the success of Five Guys and for no other reason. I understand that if I am employed by Five Guys, I will have a fiduciary duty to Five Guys to act in its interest and not in the interests of any other employee. I also understand that I must treat confidentially any information I learn in the course of employment employment.

Because of the delay and expense of the court systems, Five Guys and I agree to use confidential binding arbitration, instead of going to court, for any claims that arise between me and Five Guys, its related companies, and /or their current or future employees. This includes any claims in writing and in full detail to Five Guys; and next, to complete any Five Guys internal review process. Nothing in this agreement to arbitrate shall prevent me from filing a claim with any external administration or agency (such as the EEOC or similar state or local agency). In any arbitration, the then prevailing rules of the American Arbitration Association (and, to the extent not inconsistent, the Federal Arbitration Act) shall apply.

37.     The purported disclosures are embedded with extraneous information including but not limited to information pertaining to at will employment, release of liability, and other affirmations.

38.     Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the

9

1   requirements under the law.

2   39.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer

3   report or investigative consumer report for employment purposes unless the disclosure is made

4   in a document that consists solely of the disclosure and the consumer has authorized, in writing,

5   the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). The inclusion of a release as

6   well as other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

7   40.    Although the disclosure and the authorization may be combined in a single

8   document, the Federal Trade Commission ("FTC") has warned that the form should not include

9   any extraneous information or be part of another document. For example, in response to an

10  inquiry as to whether the disclosure may be set forth within an application for employment or

    whether it must be included in a separate document, the FTC stated:

11
12          The disclosure may not be part of an employment application because the
            language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears
13          conspicuously in a document not encumbered by any other information. The
            reason for requiring that the disclosure be in a stand-alone document is to prevent
14          consumers from being distracted by other information side-by-side within the
            disclosure.

15  41.    The plain language of the statute also clearly indicates that the inclusion of a

16  liability release in a disclosure form violates the disclosure and authorization requirements of

17  the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC

18  expressly has warned that the FCRA notice may not include extraneous information such as a

19  release. In a 1998 opinion letter, the FTC stated:

20          [W]e note that your draft disclosure includes a waiver by the consumer of his or her
            rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate
21          Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of
            the disclosure that a consumer report may be obtained for employment purposes.
22

23  42.    In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C

24  § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request

25  for a consumer's waiver of his or her rights under the FCRA."

26  43.    By including extraneous information, Defendants willfully disregarded the

27  FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA. Additionally, the

    inclusion of the extraneous provisions causes the disclosure to fail to be "clear and
28
    conspicuous" and "clear[] and accurate[]," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

44. Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a) Defendants are a large corporation with access to legal advice;

(b) Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

(c) The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

(d) The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

45. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

46. Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

47. As a result of Defendants' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in

11

violation of the FCRA.

48.    Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

49.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA

### (15 U.S.C. § 1681d(a)(1) and 1681g(c))

### (By Plaintiff and the FCRA Class against all Defendants)

50.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

51.    Section 1681d(a)(1) provides:

Disclosure of fact of preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—

(1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure;

(2) is *made in a writing mailed, or otherwise delivered*, to the consumer, not later than three days after the date on which the report was first requested, and

(3) *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section *and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; (Emphasis Added.)

(4) Subsection (b) of Section 1681d(a)(1) provides:
Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1) of this section. (a)(1) of this section, make a *complete and accurate disclosure of the nature and scope of the investigation requested*; (Emphasis Added). This disclosure shall be made in a writing mailed, or otherwise delivered, to

12

the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

52.     Defendant did not comply with Section 1681d(a)(1).

53.     Section 1681g(c) further provides summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

(A) Commission summary of rights required
The Commission shall prepare a *model summary of the rights* of consumers under this subchapter.
(B) Content of summary
The summary of rights prepared under subparagraph (A) shall include a description of—

(1)     the *right of a consumer to obtain a copy of a consumer report* under subsection (a) of this section from each consumer reporting agency;

(2)     the *frequency and circumstances under which a consumer is entitled to receive a consumer report without charge* under section 1681j of this title;

(3)     the right of a consumer to *dispute information* in the file of the consumer under section 1681i of this title;

(4)     *the right of a consumer to obtain a credit score* from a consumer reporting agency, and a description of how to obtain a credit score;

(5)     the *method by which a consumer can contact, and obtain a consumer report from*, a consumer reporting agency *without charge*, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(6)     the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title; (Emphasis Added).

54.     Defendant did not comply with 1681g(c)(1)(B)(ii) because the summary of rights did not include the right of a consumer to obtain a copy of the consumer report under section 1681j of this title.

55.     Defendant did not comply with 1681g(c)(1)(B)(ii) because the summary of rights did not include the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681j of this title.

56.     Defendant did not comply with 1681g(c)(1)(B)(iii) because the summary of

13

rights did not include the right of the consumer to dispute information in the file of the consumer under section 1681i of this title.

57.     Defendant did not comply with 1681g(c)(1)(B)(iv) because the summary of rights did not include the right of the consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score.

58.     Defendant did not comply with 1681g(c)(1)(B)(v) because the summary of rights did not include the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003

59.     Defendant did not comply with 1681g(c)(1)(B)(vi) because the summary of rights did not include the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

### THIRD CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

### (Cal. Civ. Code § 1786 *et seq.*)

### (By Plaintiff and the ICRAA Class against all Defendants)

60.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

61.     Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

62.     Plaintiff and **ICRAA Class** members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

63.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

> a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

64.     Thus a background checks qualifies as an investigative consumer report under the ICRAA

65.     Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes…the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

14

(B) The person procuring or causing the report to be made provides a *clear and conspicuous* disclosure in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, *if the agency has no Internet Web site address, the telephone number of the agency*, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report. (Emphasis added.)

66.      As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

67.      When Plaintiff applied for employment with Defendants, Plaintiff submitted an online electronic job application via Defendants' website "Employment Application."

68.      In pertinent part the Employment Application states:

Nature of My Employment.  If I work for Five Guys, I agree that I will be an at will employee, which means that either I or Five Guys may end my employment at any time, with or without cause or notice.  I agree that no written materials or verbal statements by Five Guys will constitute an express or implied contract or employment and that this at will relationship could only be modified in writing identifying me by name and signed by the Chief Executive Officer or Five Guys.

My Participation in Five Guys' Drug Free Environment.  I am not a current user of illegal drugs, and I agree I will not work under the influence of drugs or alcohol.

15

My Records and References.  There is nothing in my background that would cause a risk to Five Guys' customers, employees or property.  I authorize Five Guys to conduct reference checks , criminal and driving checks, and other consumer report investigations. I release all parties from any liability from providing such information to Five Guys.

The information I have given on this application is true and complete.  I agree to promptly notify Five Guys if I am later charged with or convicted of a felony, misdemeanor, or (if I am a delivery driver) a driving offense.  I agree that any false information or omission allows Five Guys to refuse to hire me, or to terminate my employment.  I agree that a photocopy or imaged copy of this signed agreement will be as valid and enforceable as the original.

I certify that I am applying for this position because I wish to work for and contribute to the success of Five Guys and for no other reason.  I understand that if I am employed by Five Guys, I will have a fiduciary duty to Five Guys to act in its interest and not in the interests of any other employee.  I also understand that I must treat confidentially any information I learn in the course of employment employment.

Because of the delay and expense of the court systems, Five Guys and I agree to use confidential binding arbitration, instead of going to court, for any claims that arise between me and Five Guys, its related companies, and /or their current or future employees.  This includes any claims in writing and in full detail to Five Guys; and next, to complete any Five Guys internal review process.  Nothing in this agreement to arbitrate shall prevent me from filing a claim with any external administration or agency (such as the EEOC or similar state or local agency).  In any arbitration, the then prevailing rules of the American Arbitration Association (and, to the extent not inconsistent, the Federal Arbitration Act) shall apply.

69.    The purported disclosures are embedded with extraneous information including but not limited to information pertaining to at will employment, release of liability, and other affirmations.

70.    Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

71.    Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes  unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing,

the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of a release as well as extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

72.     The plain language of the statute clearly indicates that the inclusion of extraneous information in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure.

73.     By including extraneous information, Defendants willfully violated § 1786.16(a)(2)(B) of the ICRAA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates § 1786.16(a)(2)(B).

74.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

75.     Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(e)     Defendants are large corporations with access to legal advice;

(f)     Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(g)     The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

76.     As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured

17

1  including, but not limited to, having their privacy and statutory rights invaded in violation of the

2  ICRAA.

3        77.    Plaintiff, on behalf of herself and all class members, seeks all available remedies

4  pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages,

5  punitive damages, and attorneys' fees and costs.

6        78.    In the alternative to Plaintiff's allegation that these violations were willful or

7  grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate

8  remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees

9  and costs.

### FOURTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA

### (Cal. Civ. Code § 1785 *et seq.*)

### (By Plaintiff and the CCRAA Class against all Defendants)

13        79.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

14        80.    Defendants are "persons" as defined by Section 1785.3(j) of the Consumer

15  Credit Reporting Agencies Act ("CCRAA").

16        81.    Plaintiff and **CCRAA Class** members are "consumers" within the meaning

17  Section 1785.3(b) of the CCRAA, because they are "natural individuals."

18        82.    Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

19      any written, oral, or other communication of any information by a consumer
    credit reporting agency bearing on a consumer's credit worthiness, credit
20      standing, or credit capacity, which is used or is expected to be used, or collected
    in whole or in part, for the purpose of serving as a factor in establishing the
21      consumer's eligibility for: ...(2) employment purposes...

22        83.    Thus a credit report qualifies as a consumer credit report under

23  the CCRAA.

24        84.    Section 1785.20.5(a) of the CCRAA provides, in relevant part:

25      Prior to requesting a consumer credit report for employment purposes, the user of
    the report shall provide written notice to the person involved. The notice shall
26      inform the person that a report will be used, and *shall identify the specific basis*
    *under subdivision (a) of Section 1024.5 of the Labor Code for use of the report.*
27      *The notice shall also inform the person of the source of the report...*
    (Emphasis added.)

28

*Lusk v. Five Guys Enterprises, LLC, et al.*               Class Action Complaint

85.     As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

86.     When Plaintiff applied for employment with Defendants, Plaintiff submitted an online electronic job application via Defendants' website "Employment Application."

87.     In pertinent part the Employment Application states:

Nature of My Employment.  If I work for Five Guys, I agree that I will be an at will employee, which means that either I or Five Guys may end my employment at any time, with or without cause or notice.  I agree that no written materials or verbal statements by Five Guys will constitute an express or implied contract or employment and that this at will relationship could only be modified in writing identifying me by name and signed by the Chief Executive Officer or Five Guys.

My Participation in Five Guys' Drug Free Environment.  I am not a current user of illegal drugs, and I agree I will not work under the influence of drugs or alcohol.

My Records and References.  There is nothing in my background that would cause a risk to Five Guys' customers, employees or property.  I authorize Five Guys to conduct reference checks , criminal and driving checks, and other consumer report investigations. I release all parties from any liability from providing such information to Five Guys.

The information I have given on this application is true and complete.  I agree to promptly notify Five Guys if I am later charged with or convicted of a felony, misdemeanor, or (if I am a delivery driver) a driving offense.  I agree that any false information or omission allows Five Guys to refuse to hire me, or to terminate my employment.  I agree that a photocopy or imaged copy of this signed agreement will be as valid and enforceable as the original.

I certify that I am applying for this position because I wish to work for and contribute to the success of Five Guys and for no other reason.  I understand that if I am employed by Five Guys, I will have a fiduciary duty to Five Guys to act in its interest and not in the interests of any other employee.  I also understand that I must treat confidentially any information I learn in the course of employment employment.

Because of the delay and expense of the court systems, Five Guys and I agree to use confidential binding arbitration, instead of going to court, for any claims that arise between me and Five Guys, its related companies, and /or their current or future employees.  This includes any claims in writing and in full detail to Five Guys; and next, to complete any Five Guys internal review process.  Nothing in this agreement to

19

arbitrate shall prevent me from filing a claim with any external administration or agency (such as the EEOC or similar state or local agency). In any arbitration, the then prevailing rules of the American Arbitration Association (and, to the extent not inconsistent, the Federal Arbitration Act) shall apply.

88.     The Employment Application does not inform that person that a report will be used, does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. Nor does the Employment Application identify the source of any credit report.     Both of these omissions Employment Application clearly violate § 1785.20.5(a) of the CCRAA, as delineated above.

89.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above. Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

90.     Defendants' conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(h)     Defendants are large corporations with access to legal advice;

(i)     Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(j)     The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

91.     As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including,

20

but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

92.     Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

93..    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Break Sub-Class)

94.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

95.     At all relevant times, Plaintiff and the **Meal Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

96.     Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

97.     Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

98.     Compensation for missed meal periods constitutes wages within the meaning of the California Labor Code § 200.

99.     Labor Code § 1198 makes it unlawful to employ a person under conditions that

21

1    violate the Wage Order.

2        100.    Section 11 of the Wage Order states: "Unless the employee is relieved of all duty

3    during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period

4    and counted as time worked. An 'on duty' meal period shall be permitted only when the nature

5    of the work prevents an employee from being relieved of all duty and when by written

6    agreement between the parties an on-the-job paid meal period is agreed to. The written

7    agreement shall state that the employee may, in writing, revoke the agreement at any time." 8

8    Cal. Code Regs. § 11040(11).

9        101.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period

10   agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Break Sub-Class**

11   members were not subject to valid on-duty meal period agreements with Defendants.

12                              *Unprovided Meal Periods*

13       102.    Plaintiff alleges that, at relevant times during the applicable limitations period,

14   Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

15   **Break Sub-Class** with uninterrupted meal periods of at least thirty (30) minutes for each five

16   (5) hour work period, as required by Labor Code § 512 and the Wage Order.

17       103.    Specifically, Defendants do not have written policies that provides that

18   employees must take uninterrupted meal periods of at least thirty (30) minutes for each five (5)

19   hours worked.

20                                *Late Meal Periods*

21       104.    Plaintiff alleges that at all relevant times during the applicable limitations period

22   and as matters of policy and practice, Defendants have failed to pay premium wages to **Meal**

23   **Break Sub-Class** members when they worked five (5) hours without clocking out for any meal

24   period.

25                        *Unprovided Second Meal Periods*

26       105.    Plaintiff alleges that at all relevant times during the applicable limitations period

27   and as matters of policy and practice, Defendants employed **Meal Break Sub-Class** members

28   for shifts of ten (10) or more hours without providing them with second meal periods and

                                          22

without paying them premium wages, as required by Labor Code § 512 and the Wage Order.

106.   Moreover, Defendants written policies do not provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of over ten (10) hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

107.   At all relevant times, Defendants failed to pay Plaintiff and **Meal Break Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

108.   Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself and the **Meal Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

109.   Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7, and 1198)

### (Plaintiff and the Rest Break Sub-Class)

110.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

111.   At all relevant times, Plaintiff and **Rest Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

112.   Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

113.   Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers

23

from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

114. Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

115. Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

116. Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Break Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

117. At all relevant times, Defendants failed to pay Plaintiff and other **Rest Break Sub-Class** members additional premium wages when required rest periods were not provided.

118. Specifically, Defendants written policies do not provide that employees may take a rest break for each four hours worked, and/or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

119. Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself, **Rest Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

120. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198).

### (By Plaintiff and Five Guys Class)

121. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

24

122.    At all relevant times, Plaintiff and **Five Guys Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

123.    Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

124.    Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

125.    Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

126.    Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

127.    Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

128.    Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

129.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

130.    Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

131.    Labor Code § 223 makes it unlawful for employers to pay their employees lower

*Lusk v. Five Guys Enterprises, LLC, et al.*                                      Class Action Complaint

1  wages than required by contract or statute while purporting to pay them legal wages.

2      132.   Labor Code § 510 and Section 3 of the Wage Order require employers to pay

3  non-exempt employees overtime wages of no less than one and one-half times their respective

4  regular rates of pay for all hours worked in excess of eight hours in one workday, all hours

5  worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the

6  seventh consecutive day of one workweek.

7      133.   Labor Code § 510 and Section 3 of the Wage Order also require employers to

8  pay non-exempt employees overtime wages of no less than two times their respective regular

9  rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

10  worked in excess of eight hours on a seventh consecutive workday during a workweek.

11      134.   Plaintiff is informed and believes that, at all relevant times, Defendants have

12  applied centrally devised policies and practices to him and **Five Guys Class** members with

13  respect to working conditions and compensation arrangements.

14                                              ***Off the Clock***

15      135.   During the relevant time period, Defendants failed to pay Plaintiff and **Five**

16  **Guys Class** members all earned wages every pay period at the correct rates, including overtime

17  rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Five Guys**

18  **Class** members to perform off-the-clock work.

19      136.   As a result of Defendants' unlawful conduct, Plaintiff and the other class

20  members have suffered damages in an amount, subject to proof, to the extent they were not paid

21  the full amount of wages earned during each pay period during the applicable limitations period,

22  including overtime wages.

23      137.   Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiff, on

24  behalf of himself and **Five Guys Class** members, seeks to recover unpaid straight time and

25  overtime wages, interest thereon, and costs of suit.

26  ///

27  ///

28  ///

*Lusk v. Five Guys Enterprises, LLC, et al.*                              Class Action Complaint

**EIGHTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY**

**(Lab. Code § 2802(a))**

**(By Plaintiff and the Vehicle Mileage Sub-Class)**

138.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

139.     In pertinent part, California Labor Code § 2802(a) states, "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

*Gas and Mileage Reimbursement*

140.     At relevant times during the applicable limitations period, Plaintiff and the members of the **Vehicle Mileage Sub-Class** incurred necessary business related expenses and costs, including, but not limited to, gas and mileage.

141.     Defendants failed to reimbursed Plaintiff for mileage expenses for the use of Plaintiff's personal vehicle for work purposes. Plaintiff is informed and believes and thereon alleges that the reimbursement paid by Defendants was insufficient to indemnify Plaintiff for all necessary expenses incurred in the discharge of his duties.

142.     Plaintiff is informed and believes and thereon alleges that Defendants failed to reimburse Plaintiff for the use of his personal vehicle for work purposes. Plaintiff is informed and believes and thereon alleges that the failure of Defendants to pay mileage reimbursement resulted in the failure to indemnify members of the **Vehicle Mileage Sub-Class** for all necessary expenses incurred in the discharge of their duties.

143.     By reason of the above, Plaintiff and the members of the **Vehicle Mileage Sub-Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

144.     Plaintiff, on behalf of himself and the members of the **Vehicle Mileage Sub-Class**, seeks interest thereon pursuant to California Labor Code § 218.6, costs pursuant to California Labor Code § 218.6, and reasonable attorneys' fees pursuant to California Code of

*Lusk v. Five Guys Enterprises, LLC, et al.*                                               Class Action Complaint

1  Civil Procedure § 1021.5.

2  ### NINTH CAUSE OF ACTION

3  ### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

4  ### (Lab. Code § 226)

5  ### (By Plaintiff and Wage Statement Penalties Sub-Class)

6  145.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully

7  alleged herein.

8  146.    Labor Code § 226(a) states in pertinent part the following: " (a) every employer

9  shall, semimonthly or at the time of each payment of wages, furnish each of his or her

10  employees, either as a detachable part of the check, draft, or voucher paying the employee's

11  wages, or separately when wages are paid by personal check or cash, an accurate itemized

12  statement in writing showing (1) gross wages earned, (2) total hours worked by the  employer,

13  except for an employee whose compensation is solely based on a salary and who is exempt from

14  payment of overtime under subdivision (a) of section 515 or any applicable order of the

15  Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable

16  piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all

17  deductions made on written orders of the employee may be aggregated and shown as one time,

18  (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7)

19  the name of the employee and only the last four digits of his or her social security number or an

20  employee identification number other than a social security number, (8) the name and address

21  of the legal entity that is the employer and, if the employer".

22  147.    Plaintiff is informed and believes that, at all relevant times, Defendants have

23  failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements

24  as described supra in this complaint.

25  148.    Plaintiff is informed and believes that, at all relevant times, Defendants have

26  failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements

27  that comply with the requirements of Labor Code section 226(a) because they were not povided

28  either as a detachable part of the check, draft, or voucher paying the employee's wages, or

28

separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing the following.

149. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because hourly and overtime wages for off-the-clock work not included in gross wages thus gross wages earned were not accurately reflected.

150. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because applicable meal and rest period premiums were not included and thus gross wages earned were not accurately reflected.

151. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because hourly and overtime wages for off-the-clock work not included in total hours worked thus total hours worked not accurately reflected.

152. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because hourly and overtime wages for off-the-clock work not included thus net wages earned not accurately reflected.

153. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because any applicable meal and rest break premiums not included thus net wages earned not accurately reflected.

154. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements that comply with the requirements of Labor Code section 226(a) because hourly and overtime

29

hours for off-the-clock work not included and thus corresponding number of hours worked at each applicable hourly rate is not accurately reflected.

155.   Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

156.   Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

157.   Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## TENTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

158.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

159.   At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class**

*Lusk v. Five Guys Enterprises, LLC, et al.*                    Class Action Complaint

1  members have been entitled, upon the end of their employment with Defendants, to timely

2  payment of all wages earned and unpaid before termination or resignation.

3    160.    At all relevant times, pursuant to Labor Code § 201, employees who have

4  been discharged have been entitled to payment of all final wages immediately upon termination.

5    161.    At all relevant times, pursuant to Labor Code § 202, employees who have

6  resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to

7  payment of all final wages at the time of resignation.

8    162.    At all relevant times, pursuant to Labor Code § 202, employees who have

9  resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled

10  to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

11    163.    During the applicable limitations period, Defendants failed to pay

12  Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him

13  all of his final wages.  Specifically, Plaintiff did not receive his final wages until approximately

14  a week after Plaintiff separated from his employment.

15    164.    Plaintiff is informed and believes that, at all relevant times, Defendants

16  have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages

17  in accordance with Labor Code §§ 201 or 202.

18    165.    Plaintiff is informed and believes that, at all relevant times, Defendants

19  have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members

20  their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to

21  timely pay them all final wages.

22    166.    Plaintiff is informed and believes that Defendants' failures to timely pay

23  all final wages to him and **Waiting Time Penalties Sub-Class** members have been willful in

24  that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and

25  202 but have intentionally adopted policies or practice that are incompatible with those

26  requirements.

27    167.    Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself

28  and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates

*Lusk v. Five Guys Enterprises, LLC, et al.*                                    Class Action Complaint

1   that their final wages have first become due until paid, up to a maximum of 30 days, and interest

2   thereon.

3       168.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit

4   doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time**

5   **Penalties Sub-Class** members, seeks awards of reasonable costs and attorneys' fees.

6   

**ELEVENTH CAUSE OF ACTION**

7   

**UNFAIR COMPETITION**

8   

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

9   

**(By Plaintiff and UCL Class)**

10       169.    Plaintiff incorporates the preceding paragraphs of the Complaint as if

11   fully alleged herein.

12       170.    Business and Professions Code § 17200 defines "unfair competition" to

13   include any unlawful business practice.

14       171.    Business and Professions Code §§ 17203–17204 allow a person who has

15   lost money or property as a result of unfair competition to bring a class action in accordance

16   with Code of Civil Procedure § 382 to recover money or property that may have been acquired

17   from similarly situated persons by means of unfair competition.

18       172.    California law requires employers to pay hourly, non-exempt, employees

19   for all hours they are permitted or suffered to work, including hours that the employer knows or

20   reasonably should know that employees have worked.

21       173.    Plaintiff and the UCL Class realleges and incorporates by reference the

22   FIFTH, SIXTH, SEVENTH and EIGHTH causes of action herein.

23       174.    Plaintiff lost money or property as a result of the aforementioned unfair

24   competition.

25       175.    Defendants have, or may have, acquired money by means of unfair

26   competition.

27       176.    Plaintiff is informed and believes and theron alleges that, by committing

28   the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215,

32

216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

177.     Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours, by failing to provide non-exempt employees with rest periods of at least ten minutes for each work period of fours or major fraction thereof, by failing to pay non-exempt employee for all hours worked and by failing to reimburse them for all expenses.

### *Wages and Premium Wages*

178.     At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

179.     As stated above, Defendants have violated the Labor Code in multiple respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages, failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide them with accurate wage statements, and failing to pay them all wages due upon separation of employment.

180.     Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

### *Relief Sought*

181.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.*  Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on

*Lusk v. Five Guys Enterprises, LLC, et al.*                                    Class Action Complaint

1  | behalf of other similarly situated persons in a class action proceeding.

2  |     182.   As a result of Defendants' violations of the Labor Code during the

3  | applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has

4  | lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or

5  | property as a result of the aforementioned conduct.

6  |     183.   Plaintiff is informed and believes that other similarly situated persons

7  | have been subject to the same unlawful policies or practices of Defendants.

8  |     184.  Due to its unfair and unlawful business practices in violation of the Labor

9  | Code as alleged herein, Defendants have gained a competitive advantage over other comparable

10 | companies doing business in the State of California that comply with their legal obligations

11 | under the Labor Code.

12 |     185.   Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of

13 | himself and the other members of the **Five Guys Class** and **UCL Class**, seeks declaratory relief

14 | and restitution of all monies rightfully belonging to them that Defendants did not pay them or

15 | otherwise retained by means of its unlawful and unfair business practices.

16 |     186.   Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit

17 | doctrine and/or the common fund doctrine, Plaintiff and the other members of the **Five Guys**

18 | **Class** and **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their

19 | unfair competition claims.

20 | **TWELFTH CAUSE OF ACTION**

21 | **CIVIL PENALTIES**

22 | **(Lab. Code §§ 2698, *et seq.*)**

23 |     187.   Plaintiff incorporates the preceding paragraphs of the Complaint as if

24 | fully alleged herein.

25 |     188.   During the applicable limitations period, Defendants have violated Labor

26 | Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, 1198, and 2802.

27 |     189.   Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, of

28 | behalf of himself and other current and former employees, to bring a representative civil action

34

1  to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may,

2  but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure §

3  382.

4      190.    Plaintiff, as a former employee against whom Defendants committed one

5  or more of the alleged Labor Code violations during the applicable limitations period, is an

6  aggrieved employee within the meaning of Labor Code § 2699(c).

7      191.    Plaintiff has complied with the procedures for bringing suit specified in

8  Labor Code § 2699.3.

9      192.    Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following

10  civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a),

11  226.7, 510, 512, 1194, 1197, 1198, and 2802:

12          A.    For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 1194, 1198,

13                and 2802, $100 for each employee per pay period for each initial

14                violation and $200 for each employee per pay period for each subsequent

15                violation (penalties set by Labor Code § 2699(f)(2));

16          B.    For violations of Labor Code § 203, a penalty in an amount not exceeding

17                30 days pay as waiting time (penalties set by Labor Code § 256).

18          C.    For violations of Labor Code § 204, $100 for each employee for each

19                initial violation that was neither willful nor intentional, $200 for each

20                employee, plus 25% of the amount unlawfully withheld from each

21                employee, for each initial violation that was either willful or intentional,

22                and $200 for each employee, plus 25% of the amount unlawfully

23                withheld from each employee, for each subsequent violation, regardless

24                of whether the subsequent violation was either willful or intentional

25                (penalties set by Labor Code § 210);

26          D.    For violations of Labor Code § 223, $100 for each employee for each

27                initial violation that was neither willful nor intentional, $200 for each

28                employee, plus 25% of the amount unlawfully withheld from each

                                                35

*Lusk v. Five Guys Enterprises, LLC, et al.*                          Class Action Complaint

employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 225.5);

E.   For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

F.   For violations of Labor Code §§ 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

G.   For violations of Labor Code § 1197, $100 for each aggrieved employee for each initial violation of Labor Code § 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of § 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code § 1197.1).

193.   Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief and judgment against Defendants as follows:

A.   An order that the action be certified as a class action;

B.   An order that Plaintiff be appointed class representative;

C.   An order that counsel for Plaintiff be appointed class counsel;

D.   Unpaid Wages;

E.  Actual Damages;

F.  Liquidated Damages;

G.  Restitution;

H.  Declaratory relief;

I.  Pre-judgment interest;

J.  Statutory penalties;

K.  Civil penalties;

L.  Costs of suit;

M.  Reasonable attorneys' fees; and

N.  Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED:  May 2, 2017                  SETAREH LAW GROUP

                                     BY _____
                                        SHAUN SETAREH
                                        Attorneys for Plaintiff,
                                        JEREMY R. LUSK

37

 CT Corporation

**Service of Process
Transmittal**
05/03/2017
CT Log Number 531159843

TO:  Dale Thompson, General Counsel
Five Guys Enterprises, LLC
10718 Richmond Hwy
Lorton, VA 22079-2622

RE:  **Process Served in Delaware**

FOR:  Five Guys Enterprises, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JEREMY R. LUSK, on behalf of herself, all others similarly situated, and the general public, Pltf. vs. Five Guys Enterprises, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | Kings County - Superior Court, CA<br>Case # 17C0118 |
| **NATURE OF ACTION:** | Plaintiff prays for judgment against the defendants in regard to the violation of Fair Credit Reporting Act |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/03/2017 at 10:35 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Shaun Setareh<br>SETAREH LAW GROUP<br>9454 Wilshire Boulevard, Suite 907<br>Beverly Hills, CA 90212<br>(310) 888-7771 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0121131294<br><br>Email Notification,  Dale Thompson  dthompson@fiveguys.com<br><br>Email Notification,  Erin Roberts  eroberts@fiveguys.com<br><br>Email Notification,  Wendy Batres de Sherlock  WBatres@fiveguys.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>1209 N Orange St<br>Wilmington, DE 19801-1120<br>302-658-7581 |

Page 1 of  1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.