UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY R. LUSK, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>FIVE GUYS ENTERPRISES LLC, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-00762-AWI-EPG<br><br>ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO CONTINUE SCHEDULING ORDER<br><br>(ECF No. 90). |

Plaintiff Jeremey R. Lusk ("Plaintiff") initiated this class action on June 2, 2017. On March 2, 2022, the parties appeared before this Court for a joint status conference. (ECF No. 84). The Court subsequently issued an amended class action scheduling order. (ECF No. 85). On August 25, 2022, Plaintiff filed an administrative motion to continue the amended class action scheduling order. (ECF No. 90). On September 6, 2022, Defendants Five Guys Enterprises LLC and Encore FGBF, LLC ("Defendants") filed an opposition.[1] (ECF No. 91). Having considered the matter, the Court will grant Plaintiff's request to continue the scheduling order.

/ /

---

[1] The Court notes that Defendants' opposition was late. L.R. 233(b) ("[A]ny non-moving party may file an opposition or supporting statement relating to a Motion for Administrative Relief within five (5) days after the motion has been filed.").

1

**I.     BACKGROUND**

This Court issued an amended class action scheduling order (ECF No. 85) setting the following deadlines:

> All expert and non-expert discovery regarding class certification issues shall be completed no later than **September 30, 2022**. Initial expert witness disclosures regarding class certification issues shall be served no later than **July 29, 2022**. Rebuttal expert witness disclosures regarding class certification issues shall be served no later than **August 26, 2022.**

(ECF No. 85 at 2) (emphasis in original). The scheduling order further provided that "Plaintiff's motion [for class certification] shall be filed by **October 27, 2022.** Defendants' opposition shall be filed by **December 14, 2022**. Plaintiff's reply shall be filed by **February 3, 2023**." (Id. at 3). The scheduling order did not set a deadline for dispositive motions. (Id. at 5). Plaintiff filed their fourth amended motion for preliminary approval of class action settlement on July 25, 2022. (ECF No. 86). The amended motion for preliminary approval of class action settlement is currently under submission with District Judge Anthony W. Ishii. (ECF No. 86).

According to Plaintiff, "Plaintiff requested that Defendant formally produce for discovery purposes the timekeeping and payroll information that it had previously produced subject to the mediation privilege. Defendant made this formal production on July 28, 2022." (ECF No. 90 at 2) (internal citations omitted). Further,

> In accordance with the current scheduling order, Plaintiff was to submit expert disclosures regarding class certification issues the following day, July 29, 2022 (Dkt. No. 85). In accordance with the Court's order, on July 29, 2022, Plaintiff served expert disclosures identifying James Toney of JTCalcs as the designated expert for Plaintiff for class certification purposes, including his CV, cases, and rates. (Setareh Decl. ¶ 9.) Given that the formal production was just received the day before and the Parties were diligently working to obtain approval of an amended settlement agreement, Plaintiff had not unnecessarily incurred the substantial costs of preparing and finalizing a full expert report regarding class certification. (Setareh Decl. ¶ 10.)
>
> On August 12, 2022, Defendant's counsel reached out to Plaintiff's counsel stating that an expert report was not included and that it was "impossible for [them] to designate a rebuttal expert without one." (Setareh Decl. ¶ 11.) On August 15, 2022, Plaintiff's counsel responded to inquire if they would stipulate to continuing the deadlines in the scheduling order, including a draft stipulation, given that the renewed motion was filed and set for hearing shortly to avoid unnecessary costs. (Setareh Decl. ¶ 12.) On August 18, 2022, Defendant's counsel responded to state that it would not sign a stipulation that "revives" the expert disclosure deadline. (Setareh Decl. ¶ 13.) Plaintiff's counsel responded the same day asking if that was the only portion of the stipulation they took issue with, noting that if the parties couldn't agree

> Plaintiff would file an administrative motion. (Setareh Decl. ¶ 13.) Receiving no response, on August 23, 2022 Plaintiff's counsel followed up with Defendant's counsel by email. (Setareh Decl. ¶ 14.)

(ECF No. 90 at 3-4). Because Plaintiff received no further response from Defendant, Plaintiff filed their administrative motion to continue the amended scheduling order ten days after sending Defendant the draft stipulation. (Id. at p. 4).

According to Plaintiff, "Plaintiff strongly believes that the renewed Motion for preliminary approval addresses the concerns raised by the Court in its previous denial without prejudice and that the Court will approve the motion and amended settlement agreement." (ECF No. 90 at 4). As such, Plaintiff "held off on scheduling the depositions of Defendant's Person(s) Most Knowledgeable, obtaining declarations from class members, and incurring significant expert costs until a ruling is issued on the Motion for Preliminary Approval in order to preserve Party and Court resources." (Id.) Plaintiff requests continuing all deadlines in the scheduling order by approximately sixty days, as follows:

| Expert Disclosures Re: Class Certification | September 27, 2022 |
| --- | --- |
| Rebuttal Expert Disclosures Re: Class Certification | October 25, 2022 |
| Expert and Non-Expert Discovery Cutoff Re: Class Certification | November 29, 2022 |
| Motion for Class Certification | December 29, 2022 |
| Opposition to Class Certification | February 15, 2023 |
| Reply Re: Class Certification | April 4, 2023 |

Plaintiff represents that "[n]o party will be prejudiced by a short continuance of all deadlines" as a "short continuance is in the best interest of all Parties and the Court in preserving judicial resources to allow for a ruling on Plaintiff's current Motion for Preliminary Approval prior to the events set forth in the scheduling order." (ECF No. 90 at 5). Further, "Plaintiff would be extremely prejudiced if he is barred from introducing any expert report for class certification when the formal production occurred the day before the disclosure deadline." (Id.) Plaintiff additionally notes that "the Parties may not need to incur significant expert costs if the Court shortly approves the amended settlement agreement." (Id.) Plaintiff also states a continuance of the scheduling order is needed because "the facts and theories upon which Plaintiff will proceed

to certify may necessarily change as fact discovery continues and depositions are taken." (Id.) Plaintiff argues the motion should be granted because "Plaintiff has been, and is, amenable to allowing Defendant additional time to designate a rebuttal expert if necessary, and a continuance of both deadlines is fair and reasonable here." (Id.) Finally, this is the first request to modify the scheduling order, and granting the continuance "will not impact any scheduled hearings or actions set to be taken by the Court." (Id.)

On September 6, 2022, Defendants filed an opposition to Plaintiff's motion to continue the scheduling order. (ECF No. 91). According to Defendants, Plaintiff has not shown good cause to modify the scheduling order because "Plaintiff's noncompliance with the scheduling order deadlines was not because of developments which could not have been reasonably foreseen or anticipated at the time of the scheduling conference." (Id. at 3). Defendants argue that Plaintiff was aware that "the Court expected the parties to proceed on a dual track, in terms of seeking approval of the settlement while simultaneously preparing the case for class certification and trial." (Id. at 4). Additionally, "Plaintiff was not diligent in moving for an amendment of the scheduling order since they filed their motion after one of the deadlines has already passed." (Id.) Defendant further alleges that "Plaintiff's motive for seeking amendment of the scheduling order is made in bad faith, as an attempt to cure a fatal defect in their expert disclosure." (Id.)

## II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires a showing of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). For example, good cause may be found where the moving party shows that it was diligent in assisting the Court in creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999). The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Johnson*, 974 F.2d at 609. Additionally, Local Rule 233 allows "requests to alter a discovery schedule that does not

affect dispositive motion filing dates, trial dates, or the final pre-trial conference" to be brought through a motion for administrative relief.  L.R. 233(a).

### III. DISCUSSION

The Court finds that the good cause requirement of Rule 16 has been satisfied. While Plaintiff did not seek to continue the scheduling order until shortly after the deadline for initial expert witness disclosures had passed, the Court is cognizant of the parties' ongoing efforts to obtain preliminary approval of the settlement. It appears that Plaintiff made a good faith attempt to comply with the scheduling order by designating an expert for class certification. Moreover, given the fact that Defendants only formally produced certain records to Plaintiff the day before the expert witness disclosure deadline, the Court does not find that Plaintiff lacked diligence in seeking a continuance. Further, in the event this case proceeds to class certification, Plaintiff would be prejudiced if he were barred from introducing an expert report. For those reasons, the Court will grant Plaintiff's motion for a sixty-day (60) continuance of all deadlines in the scheduling order.

However, the Court will not continue these dates further based on the pending motion for preliminary approval of class settlement.  The parties' motion for preliminary approval has been denied multiple times and it is not clear that the current motion will be approved.  As the Court stated previously, at this point, the parties should proceed to litigate the case while the motion is pending.

### IV. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED:

1. Plaintiff's motion for administrative relief (ECF No. 90) is GRANTED;
2. The amended scheduling order (ECF No. 85) is extended as follows:

    a. Expert Disclosures Re: Class Certification: September 27, 2022

    b. Rebuttal Expert Disclosures Re: Class Certification: October 25, 2022;

    c. Expert and Non-Expert Discovery Cutoff Re: Class Certification: November 29, 2022;

    d. Motion for Class Certification: December 29, 2022;

    e. Opposition to Class Certification: February 15, 2023;

f. Reply Re: Class Certification: April 4, 2023

3. No further extensions to these deadlines will be granted solely on the basis that an additional motion for preliminary approval is pending.

IT IS SO ORDERED.

Dated:  **September 12, 2022**           /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE