UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY R. LUSK, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>FIVE GUYS ENTERPRISES LLC and ENCORE FGBF, LLC ,<br><br>Defendants. | Case No.: 1:17-cv-0762 JLT EPG<br><br>ORDER DIRECTING CLASS COUNSEL TO FILE BILLING RECORDS IN SUPPORT OF THE FEES REQUESTED WITH FINAL APPROVAL OF THE CLASS SETTLEMENT |

Jeremy Lusk asserts Defendants Five Guys Enterprises LLC and Encore FGBF, LLC violated federal and California credit/consumer reporting laws, California wage-and-hour laws, and California unfair competition law. Lusk now seeks final approval of a settlement reached in this class action, including attorneys' fees from the gross settlement fund. (Doc. 98.)

The Court has discretion to use either a lodestar or percentage of the common fund calculation to evaluate a fee request. *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 786 (9th Cir. 2022). The Ninth Circuit observed that "either method may… have its place in determining what would be reasonable compensation." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). In addition, the Court may perform a lodestar cross-check to assist in the determination of whether the fees sought from a common fund are reasonable. *See Indirect Purchaser Class v. Erwin (In re Optical Disk Drive Prods. Antitrust Litig.)*, 959 F.3d 922, 933 (9th Cir. 2020) ("we have

1

encouraged courts using the percentage-of-recovery method to perform a cross-check by applying the lodestar method to confirm that the percentage-of-recovery amount is reasonable"); *see also In re Apple Device Performance Litig.*, 50 F.4th 769, 786 (9th Cir. 2022) (also encouraging a lodestar cross-check "when utilizing the percentage-of-recovery method"). While Class Counsel assert the Court should apply the percentage from the common fund doctrine, Class Counsel also contend a lodestar crosscheck supports the requested fee. (Doc. 98 at 25.)

The lodestar method calculates attorney fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *Florida v. Dunne*, 915 F.2d 542, 545 n. 3 (9th Cir. 1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The product of this computation, the "lodestar" amount, yields a presumptively reasonable fee. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Class Counsel report they spent 460.2 hours on this action. (Doc. 98-1 at 15, Setareh Decl. ¶ 31.) Class Counsel assert their work on the action included:

> conducting the initial investigation of the case and developing the facts and theories regarding the off-the-clock claims, meal and rest break claims, and background check claims, drafting pleadings, conducting formal and informal discovery to obtain from Defendants the applicable employment policies, pay policies, timekeeping policies, meal and rest break policies, and class data, analyzing time and pay records, performing a damage analysis, defending Plaintiff's deposition, conducting a review of the record, working with an expert to analyze the data produced by Defendants, and preparing a thorough mediation brief and damages analysis in preparation for mediation, travelling throughout California including to hearings in this matter; engaging in contentious arm's-length negotiation at the mediation, and working with Defendants to prepare the Settlement Agreement, related forms, and approval motions.

(*Id.* at 14, ¶ 29.) However, Class Counsel did not submit time sheets to support the fees requested or lodestar crosscheck, such that the Court may determine the total time expended was reasonable.

The Ninth Circuit explained that "a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). Thus, a court "may not uncritically accept a fee request," but must review the time billed and assess whether it is reasonable in light of the work performed and the context of the case. *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002); *see also McGrath v. County of*

*Nevada*, 67 F.3d 248, 254 n.5 (9th Cir. 1995) (a court may not adopt representations regarding the reasonableness of time expended without independent review); *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984) (remanding an action for a thorough inquiry on the fee request when "the district court engaged in the 'regrettable practice' of adopting the findings drafted by the prevailing party wholesale" and explaining a court should not "accept[] uncritically [the] representations concerning the time expended").  However, the Court is unable to perform such a review without the billing records of Class Counsel. Accordingly, the Court **ORDERS**:  Class Counsel **SHALL** file billing records documenting the tasks completed and the amount of time spent on the action <u>within seven days of the date of service of this Order</u>.

IT IS SO ORDERED.

Dated:   **May 26, 2023**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE